Catarino **HERRERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–96–529–CR.

Court of Appeals of Texas,
Corpus Christi.

July 31, 1997.

---

Eddie De La Garza, Edinburg, for Appellant.

Theodore C. Hake, Mark M. Talbot, Asst. Criminal District Attorneys, Rene Guerra, District & County Attorney, Edinburg, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is a case involving revocation of community supervision. By three points of error, appellant, Catarino Herrera, complains (1) that he was denied sufficient notice of the State's reasons to revoke his community supervision, (2) that dismissal of the amended motion to revoke community supervision dismissed all allegations, and (3) that revoking his community supervision for failure to pay fees, fines, and costs was error. We affirm.

On October 25, 1994, appellant waived a jury and pleaded guilty to the offense of burglary of a habitation. The trial court found him guilty and assessed punishment at ten years' confinement, a fine of $750.00, and restitution in the amount $2,270.00. The sentence was suspended and appellant was placed on community supervision for ten years.

On January 31, 1996, the State filed a motion to revoke appellant's community supervision. The motion alleged that appellant had violated the conditions of his community supervision by: 1) driving while intoxicated, 2) possessing marijuana, 3) not paying the $750.00 fine, 4) not paying the $2,270.00 in restitution, 5) not reimbursing Hidalgo County $350.00 for his court-appointed attorney, and 6) not paying the monthly $25.00 supervisory fee.

On July 22, 1996, the State filed a second motion to revoke appellant's community supervision. The second motion alleged that appellant had violated the conditions of his community supervision by sexually assaulting a child under the age of seventeen years.

A hearing was held on August 21, 1996. At the hearing, the State dismissed the second motion and proceeded only on the first motion. After hearing evidence, the trial court found that appellant had violated the conditions of his community supervision and that his community supervision should be revoked. Appellant was remanded to the custody of the Texas Department of Criminal Justice, Institutional Division, to serve his ten year sentence.

By his second point of error, appellant complains that the trial court erred in considering the State's first motion to revoke. Appellant contends that the second motion to revoke amended and superseded the first motion. Thus, appellant argues, when the State dismissed the amended motion, it dismissed the only motion pending against him.

At the hearing, the State dismissed the second motion to revoke and elected to proceed only on the first motion to revoke. Appellant objected and argued that the second motion amended and superseded the original motion. Appellant also argued that because the State had dismissed the amended motion to revoke, there was no motion to revoke pending against him.

Appellant cites no authority, and we have found none, showing that a second motion to revoke community supervision amends and supersedes a prior motion to revoke. After reviewing the record, we note that the State's second motion to revoke was entitled "Motion to Revoke Probation." The motion was never referred to as an amended motion by either the State or the trial court. The second motion was clearly an additional motion to revoke. We hold that the State's second motion to revoke did not amend and

supersede the State's first motion. Thus, the first motion to revoke was left pending when the second motion was dismissed. We overrule appellant's second point of error.

By his first point of error, appellant complains that he was not given sufficient notice of the reasons to revoke his community supervision. Appellant argues that the State dismissed the first motion and its six allegations of violations when the State filed the second motion without restating the original violations.

We have held in our discussion of appellant's second point of error that the State's second motion to revoke did not amend and supersede the State's first motion. Thus, appellant's argument is without merit.

The Court of Criminal Appeals has held that a ten-day notice is sufficient. *Campbell v. State,* 456 S.W.2d 918, 920 n. 3 (Tex.Crim.App.1970). In the instant case, appellant had a seven-month notice of the first motion to revoke and a 30-day notice of the second motion to revoke. Clearly this notice was sufficient. Moreover, appellant admitted he was served with notice of the State's allegations against him. Appellant's first point of error is overruled.

By his third point of error, appellant complains that the trial court erred in revoking his community supervision because he failed to pay fees, fines, and costs. Appellant contends that he established his inability to pay. Appellant does not challenge the other violations alleged by the State and found to be true by the trial court.

Whether to revoke rests within the discretion of the trial court. *Wester v. State,* 542 S.W.2d 403, 405 (Tex.Crim.App.1976). A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980); *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim. App.1980); *Burns v. State,* 835 S.W.2d 733, 735 (Tex.App.—Corpus Christi 1992, pet. ref'd). The burden of proof in a probation revocation is measured by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993). Appellate review of evidence presented at a revocation hearing is in the light most favorable to the trial court's decision. *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App.1979).

In addition to other conditions, appellant was placed on community supervision on the condition that he "commit no offense against the laws of this State or of any other State or the United States." At the hearing to revoke, San Juan Police Officer Severanio Martinez, III, testified that he stopped appellant for running a red light. Officer Martinez noticed that appellant was intoxicated and later charged him with driving while intoxicated. To this charge, appellant pleaded guilty. The officer's testimony, the officer's report, and appellant's plea of guilty to driving while intoxicated are sufficient evidence to support the trial court's decision to revoke appellant's community supervision.

Because a single violation of a condition of community supervision is sufficient to support the trial court's decision to revoke, we hold that the trial court did not err in revoking appellant's community supervision. Appellant's third point of error is overruled.

We affirm the trial court's order revoking appellant's community supervision.