NUMBER 13-00-442-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_________________________________________________________________


MARIA CASTELLANO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the County Court as Law No. 1 

 of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


Appellant, Maria Castellano, appeals from an order revoking her community supervision. We affirm. 

On June 7, 1999, appellant pleaded guilty to the charge of theft and was assessed punishment of ninety days confinement in
the Victoria County Jail and a $400 fine. The court suspended the sentence and placed appellant on community supervision
for 180 days. The conditions of her community supervision provided, among other things, that appellant obey the laws of
the state and United States, obtain written permission from the supervision officer authorizing appellant to leave the county
and/or state, complete fifty hours of community service and pay a number of designated fees. On July 13, 1999, appellant,
a resident of Victoria County, was observed by a deputy of the Goliad County Sheriff's Office driving in an erratic and
dangerous manner and was subsequently charged in Goliad County with reckless driving. Appellant pleaded guilty to the
charge of reckless driving and paid a fine of $100. The Victoria County Court ordered the arrest of appellant for violation
of the conditions of her community supervision on November 22, 1999. After a hearing on the motion to revoke appellant's
community supervision, appellant was found to have violated eight of the twenty-four conditions of her community
supervision, the court granted the state's motion to revoke her community supervision and imposed the original sentence of
ninety days confinement. 

Appellant contends that because the trial court abused its discretion by ordering revocation, the evidence was insufficient to
support the revocation. Appellant argues that the State failed to show any evidence that appellant knew, acknowledged,
and understood the conditions of her community service.

We review an order revoking community supervision under an abuse of discretion standard. Herrera v. State, 951 S.W.2d
197, 199 (Tex. App.-Corpus Christi 1997, no pet.). The trial court does not abuse its discretion unless it "applies an
erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under the correct law and
the facts viewed in the light most favorable to its legal conclusion." Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim.
App. 1996). In a community supervision revocation hearing, the State need only prove its allegations by a preponderance
of the evidence. Herrera, 951 S.W.2d at 199 (citing Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). The
appellate court must view the evidence presented at the revocation hearing in the light most favorable to the trial court's
ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). In revocation proceedings, the trial court is the sole
trier of facts, the judge of the credibility of the witnesses, and the weight to be given the testimony. Taylor v. State, 604
S.W.2d 175, 179 (Tex. Crim. App. 1980). The violation of any community supervision condition is sufficient to support
the trial court's decision to revoke probation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Herrera, 951
S.W.2d at 199. 

Appellant violated a condition of her community supervision when she committed the offense of reckless driving. By
pleading guilty to the charge, appellant admitted that she committed an offense against the laws of the state, thus violating a
condition of community supervision. The violation of this condition of community supervision provided a sufficient
ground for the trial court to revoke community supervision. At the revocation hearing, appellant, on direct examination,
discussed the circumstances surrounding her arrest and plea agreement, arguing that her plea of guilty to the reckless
driving charge was not entered in good faith, and that at the time, she sought to fight the charge. At the revocation hearing,
conflicting testimony was presented by the State and appellant as to the circumstances leading to appellant's arrest. The trial
court was well within its discretion to judge the credibility of both parties' witnesses, and was not obliged to believe
appellant's claims as to the reckless driving charge. See Taylor, 604 S.W.2d at 179.

Appellant further argues that she did not understand, nor did she have knowledge of, the terms and conditions of her
community supervision. Additionally, appellant claims that extenuating circumstances, such as poor health, lack of funds,
and being taken out of the county against her will contributed to her violating the conditions of community supervision. It
is unnecessary for us to address appellant's arguments because regardless of their merits, revocation is appropriate based on
her guilty plea to the reckless driving charge. Viewing the judgment of the trial court in the light most favorable to the
judgment, the court did not abuse its discretion. We conclude the evidence is sufficient to support the trial court's
revocation of appellant's community supervision. 

The judgment of the trial court is AFFIRMED. 

 

LINDA REYNA YAÑEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

28th day of June, 2001.