13-02-132CR















NUMBER 13-02-132-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                  

CARLOS KELLY,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.
                                                                                                                                 

On appeal from the 24th District Court of Refugio County, Texas.
                                                                                                                  
 

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          Appellant, Carlos Kelly, appeals from the trial court’s revocation of his community
supervision. On December 21, 1993, pursuant to a plea-bargain agreement, appellant
pleaded guilty to the offense of burglary of a building.


 He was sentenced to ten years
imprisonment, suspended for ten years, and a $2500 fine,. On May 14, 2001, the State
filed a motion to revoke appellant’s community supervision, alleging, among other
violations, that appellant: (1) had been in possession of a controlled substance, and (2) had
failed to satisfactorily complete 400 hours of court-ordered community service. Appellant
pled “not true” to the State’s allegations. The court found these two allegations true and
assessed punishment at five years imprisonment and a $2500 fine. In two issues,
appellant challenges his revocation, contending: (1) the trial court erred in not granting his
motion to suppress; and (2) the search of his home was unconstitutional, and the evidence
seized pursuant to the search should have been suppressed. 
          Pursuant to this Court’s order dated May 6, 2004, the trial court has certified that
“the defendant may appeal those matters that, under the law, he may appeal.” See Tex.
R. App. P. 25.2(a)(2). We affirm.
          In a community supervision revocation hearing, the State need only prove its
allegations by a preponderance of the evidence. Herrera v. State, 951 S.W.2d 197, 199
(Tex. App.–Corpus Christi 1997, no pet.) (citing Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993)). This standard is met when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of probation as the State
alleged. Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no
pet.). Appellate review of an order revoking community supervision is limited to a
determination of whether the court abused its discretion. Lanum v. State, 952 S.W.2d 36,
39 (Tex. App.—San Antonio 1997, no pet.). The trial court does not abuse its discretion
unless it “applie[s] an erroneous legal standard, or when no reasonable view of the record
could support [its] conclusion under the correct law and the facts viewed in the light most
favorable to its legal conclusion.” Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim.
App. 1996). A single violation of a probation condition is sufficient to support the trial
court’s decision to revoke probation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980); Herrera, 951 S.W.2d at 199.In its motion for revocation, the State alleged, among other violations, that appellant
violated a condition of his community supervision by failing to complete 400 hours of court-ordered community service on or before December 21, 1995. At the hearing, the probation
officer testified that as of May 14, 2001, the date the revocation motion was filed, appellant
had completed only 199.5 hours. Based on this uncontroverted testimony, the trial court
found appellant violated this condition of his probation. 
           On appeal, appellant does not challenge the trial court’s finding that he violated the
community service condition of his supervision. Accordingly, we must affirm the trial court’s
judgment. See Sterling v. State, 791 S.W.2d 274, 276 (Tex. App.–Corpus Christi 1990,
pet. ref’d) (defendant must successfully challenge each ground on which trial court relies,
because one sufficient ground supports the trial court’s order). Because we have found at
least one violation of appellant’s community supervision, we need not address appellant’s
other issues. See Tex. R. App. P. 47.1. 
          We affirm the judgment of the trial court.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice
 
 
Do not publish. Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed this the
1st day of July, 2004.