NUMBER 13-03-353-CR AND 13-03-354-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
PHILIP TANKSLEY,                                                                      Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 214th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
 
          Appellant, Philip Tanksley, brings this appeal following the revocation of his
community supervision in two cases. In a single issue, appellant contends that the trial
court abused its discretion in revoking his community supervision.


 In both cases, we
affirm the decision of the trial court. 
I. Background and Facts
          In cause number 13-03-00354-CR


, appellant was charged with possession of
cocaine. Pursuant to a plea-bargain agreement, appellant pleaded guilty to the charge and
was sentenced to twelve months in jail. His sentence was suspended, and he was placed
on community supervision for twelve months, subject to various terms and conditions. 
          In cause number 13-03-00353-CR


, appellant was charged with robbery. Pursuant
to a plea-bargain agreement, appellant pleaded guilty and was sentenced to five years in
prison and assessed a $5,000 fine. Both his sentence and his fine were suspended, and
he was placed on community supervision for five years, subject to various terms and
conditions.
          The State subsequently filed a motion to revoke appellant’s community supervision
in each case, alleging he had violated the conditions of his community supervision. The
motions were heard in a combined proceeding. Appellant pleaded not true to all the
allegations in the State’s motions to revoke community supervision.
          The State presented the testimony of Michelle Pena, appellant’s probation officer. 
Pena testified that appellant failed to attend his scheduled appointments with her in
November and December 2002 and January 2003 and was in arrears on his court costs
and monthly supervision fees in both cases. She also testified that appellant failed to
attend the Texas Drug Offender Education Program, complete the community-service
requirement of his community supervision, and bring Pena verification of attendance as
required by the terms of his community supervision in the robbery case.
          Appellant admitted he met with Pena only twice out of the five times he was
supposed to meet with her. However, he said he tried calling Pena several times and was
unable to meet with Pena regularly because: (1) of his work; (2) he had to care for his
sickly, elderly parents; and (3) he sustained an eye injury in January 2003. Appellant also
said he was not given a deadline to complete the drug rehabilitation school, and the
deadline to complete the community service had not yet passed. Appellant admitted he
did not pay the money required to be paid under the terms of the community supervision
but also stated he has no money. 
          In the cocaine-possession case, the trial court found appellant violated four
conditions of his supervised release. Appellant failed to: (1) report to his probation officer;
(2) attend, participate, pay for, and complete in a satisfactory manner the Texas Drug
Offender Education Program; (3) complete the community service requirement; and (4) pay
court costs, restitution, and supervision fees. In the robbery case, the trial court found
appellant violated two conditions of his supervised release in that he failed to: (1) report
to his probation officer and (2) pay court costs and monthly supervision fees. Appellant
was sentenced to twelve months incarceration in the Nueces County Jail in the cocaine-possession case and five years incarceration in the Texas Department of Criminal Justice,
Institutional Division in the robbery case, sentences to run concurrently. 
II. Standard of Review
          We review an order revoking community supervision for abuse of discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Herrera v. State, 951
S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.). In a community supervision
revocation hearing, the State need only prove its allegations by a preponderance of the
evidence. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We
must view the evidence presented at the revocation hearing in the light most favorable to
the trial court’s ruling. Id. It is the trial court's duty to judge the credibility of the witnesses
and to determine whether the allegations in the motion to revoke are true. Id. Once a
single violation of community supervision has been proven and established, we need not
consider whether any other allegations of violations against appellant are supported by the
evidence. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980);
Herrera, 951 S.W.2d at 199. 
III. AnalysisAppellant argues the trial court abused its discretion in revoking the community
supervision in the cocaine-possession case because: (1) he was financially unable to pay
his fees; (2) his family situation kept him from reporting to Pena; (3) there was no time limit
for completing the Texas Drug Offender Education Program; and (4) the State failed to
prove that he did not complete his community service requirement. Appellant contends the
trial court abused its discretion in revoking the community supervision in the robbery case
because: (1) appellant was financially unable to pay the fees and (2) his family situation
kept him from reporting to Pena. 
          Pena’s testimony alone is sufficient evidence that appellant violated at least one of
the conditions of his community supervision in both cases: he did not report to her monthly
as required. Furthermore, appellant himself testified at trial that he did, in fact, fail to keep
scheduled appointments with Pena as required by the conditions of his community
supervision in both cases.


 While appellant argues that he had “family problems,” Pena
scheduled appointments in advance. Pena testified she called appellant in early
December 2002, warned appellant he needed to report to her monthly “regardless of his
situation,” and scheduled an appointment for later that month. Appellant failed to
reschedule and failed to advise her he was not coming. Moreover, appellant belatedly
observed during his testimony that “these people ain’t playing down here,” suggesting he
had not taken the terms of his community supervision seriously until his supervised release
was threatened. Viewed in a light most favorable to the trial court’s revocation order, the
evidence is sufficient to support the trial court’s finding that appellant failed to report to
Pena as required by the terms of the community supervision in both cases. The trial court
did not abuse its discretion in revoking appellant’s community supervision in both cases
on this ground.
IV. Modification of Judgments
          The State asks us to modify both judgments to correct minor errors. Both judgments
are modified to reflect appellant’s name is “Philip Tanksley” rather than “Phillip Tanksley.” 
The judgment in 13-03-00353-CR is also modified to reflect that: (1) the trial court found
appellant violated condition 8(d) “SUPERVISION FEE” instead of “RESTITUTION”; and (2)
the revocation hearing was held and sentence pronounced on May 12, 2003, instead of
May 13, 2003. 
V. Conclusion 
          Because we find the evidence was sufficient to support a finding that appellant
violated at least one term of his community supervision in each case, we need not address
appellant’s contentions challenging the trial court’s remaining findings. See Jones v. State,
571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978). We modify the judgments
as noted above and, as modified, affirm the judgment of the trial court in both cases.    


                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 30th day of August, 2004.