

NUMBER 13-08-00424-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSEPH GRANT,                                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                              Appellee.

### On appeal from the 105th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Joseph Grant, challenges the revocation of his deferred adjudication community supervision. By two issues, Grant contends that: (1) the evidence is insufficient to support the State's allegation that he violated a term of his community

supervision by interfering with an emergency call; and (2) he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Grant pleaded guilty to one count of sexual assault and was placed on deferred adjudication community supervision for a period of five years. *See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2008). The State filed a motion to revoke the deferred adjudication, alleging Grant violated conditions one and two of his community supervision by: (1) committing the offense of assault, *see id.* § 22.01(a)(1) (Vernon Supp. 2008); (2) committing the offense of interference with an emergency call, *see id.* § 42.062 (Vernon Supp. 2008); (3) submitting a positive urinanalysis for cocaine; and (4) submitting a positive urinanalysis for marihuana. At the hearing on the motion to revoke, Grant pleaded "not true" to the charges of assault and interference with an emergency call and "true" to the State's allegations that he tested positive for cocaine and marihuana.

After the trial court found that Grant had violated the conditions of community supervision, it revoked his community supervision, found him guilty of sexual assault, and sentenced him to twenty years' confinement.

Grant filed a motion for new trial. At the hearing on his motion, Grant testified that his counsel was ineffective because at his revocation hearing, she did not properly cross-examine the alleged victim and did not present available impeaching evidence. Specifically, Grant claimed that the alleged victim lied by stating that Grant had never been in her apartment before the incident and that counsel should have asked her about pictures depicting Grant in her apartment. The trial court denied Grant's motion for new trial. This appeal ensued.

2

## II. SUFFICIENCY OF THE EVIDENCE TO SUPPORT REVOCATION

By his first issue, Grant contends that the evidence is legally and factually insufficient to support the State's allegation that he interfered with an emergency call. Grant does not challenge, however, the trial court's findings that he violated the conditions of his community supervision by committing the offense of assault and testing positive for cocaine and marihuana.

A trial court has discretion to revoke an individual's community supervision. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.). A plea of true, standing alone, is sufficient to support the trial court's order of revocation. *Jones*, 112 S.W.3d at 268 (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.–Corpus Christi 1985, no pet.)). "[A] single violation of a condition of community supervision is sufficient to support the trial court's decision to revoke." *Herrera*, 951 S.W.2d at 199. We review the evidence presented at a revocation hearing in the light most favorable to the trial court's decision. *Jones*, 112 S.W.3d at 268; *Herrera*, 951 S.W.2d at 199 (citing *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979)).

Grant pleaded "true" to the State's allegations that he tested positive for cocaine and marihuana. These pleas adequately support the trial court's determination that Grant violated at least one condition of his community supervision. *See Herrera*, 951 S.W.2d at 199. Thus, we conclude that the trial court did not abuse its discretion in revoking Grant's community supervision. We overrule Grant's first issue.

3

### III. Ineffective Assistance of Counsel

By his second issue, Grant contends that his counsel rendered ineffective assistance because she failed to effectively cross-examine the alleged victim of the assault and failed to present available impeaching evidence.

### A. Standard of Review and Applicable Law

Ineffective assistance of counsel claims are evaluated under the two-part test articulated by the Supreme Court in *Strickland v. Washington*. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The first prong of the *Strickland* test requires that appellant show that counsel's representation fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Under the second prong, appellant must show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. In determining the validity of appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

### B. Analysis

Grant's counsel did not testify at the hearing on the motion for new trial. When, as in this case, the record is silent regarding the motivation of counsel's tactical or strategic decisions, there is a strong presumption that counsel acted reasonably. *See id.* at 814; *Bone v. State*, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002) (providing that when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions, an appellate court may not reverse a

4

conviction on ineffective assistance of counsel grounds); *see also Strickland*, 466 U.S. at 689. The record in this case does not include counsel's explanation for her conduct at the revocation hearing; therefore, it is insufficient to overcome a presumption of reasonableness. *Goodspeed*, 187 S.W.3d at 392. Furthermore, because Grant pleaded "true" to two allegations supporting revocation, he has not shown by a preponderance of the evidence that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. We overrule Grant's second issue.

## IV. Conclusion

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of March, 2009.