NUMBER 13-08-00424-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSEPH GRANT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Joseph Grant, challenges the revocation of his deferred adjudication
community supervision. By two issues, Grant contends that: (1) the evidence is
insufficient to support the State's allegation that he violated a term of his community
supervision by interfering with an emergency call; and (2) he received ineffective
assistance of counsel. We affirm.

I. Background

 Grant pleaded guilty to one count of sexual assault and was placed on deferred
adjudication community supervision for a period of five years. See Tex. Penal Code Ann.
§ 22.011 (Vernon Supp. 2008). The State filed a motion to revoke the deferred
adjudication, alleging Grant violated conditions one and two of his community supervision
by: (1) committing the offense of assault, see id. § 22.01(a)(1) (Vernon Supp. 2008); (2)
committing the offense of interference with an emergency call, see id. § 42.062 (Vernon
Supp. 2008); (3) submitting a positive urinanalysis for cocaine; and (4) submitting a positive
urinanalysis for marihuana. At the hearing on the motion to revoke, Grant pleaded "not
true" to the charges of assault and interference with an emergency call and "true" to the
State's allegations that he tested positive for cocaine and marihuana.

 After the trial court found that Grant had violated the conditions of community
supervision, it revoked his community supervision, found him guilty of sexual assault, and 
sentenced him to twenty years' confinement.

 Grant filed a motion for new trial. At the hearing on his motion, Grant testified that
his counsel was ineffective because at his revocation hearing, she did not properly cross-examine the alleged victim and did not present available impeaching evidence. 
Specifically, Grant claimed that the alleged victim lied by stating that Grant had never been
in her apartment before the incident and that counsel should have asked her about pictures
depicting Grant in her apartment. The trial court denied Grant's motion for new trial. This
appeal ensued.

II. Sufficiency of the Evidence to Support Revocation

 By his first issue, Grant contends that the evidence is legally and factually
insufficient to support the State's allegation that he interfered with an emergency call. 
Grant does not challenge, however, the trial court's findings that he violated the conditions
of his community supervision by committing the offense of assault and testing positive for
cocaine and marihuana.

 A trial court has discretion to revoke an individual's community supervision. Jones
v. State, 112 S.W.3d 266, 268 (Tex. App.-Corpus Christi 2003, no pet.); Herrera v. State,
951 S.W.2d 197, 199 (Tex. App.-Corpus Christi 1997, no pet.). A plea of true, standing
alone, is sufficient to support the trial court's order of revocation. Jones, 112 S.W.3d at
268 (citing Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Rivera v. State, 688
S.W.2d 659, 660 (Tex. App.-Corpus Christi 1985, no pet.)). "[A] single violation of a
condition of community supervision is sufficient to support the trial court's decision to
revoke." Herrera, 951 S.W.2d at 199. We review the evidence presented at a revocation
hearing in the light most favorable to the trial court's decision. Jones, 112 S.W.3d at 268;
Herrera, 951 S.W.2d at 199 (citing Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App.
1979)).

 Grant pleaded "true" to the State's allegations that he tested positive for cocaine and
marihuana. These pleas adequately support the trial court's determination that Grant
violated at least one condition of his community supervision. See Herrera, 951 S.W.2d at
199. Thus, we conclude that the trial court did not abuse its discretion in revoking Grant's
community supervision. We overrule Grant's first issue.


III. Ineffective Assistance of Counsel

 By his second issue, Grant contends that his counsel rendered ineffective
assistance because she failed to effectively cross-examine the alleged victim of the assault
and failed to present available impeaching evidence.

A. Standard of Review and Applicable Law

 Ineffective assistance of counsel claims are evaluated under the two-part test
articulated by the Supreme Court in Strickland v. Washington. See Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S.
668, 687 (1984)). The first prong of the Strickland test requires that appellant show that
counsel's representation fell below an objective standard of reasonableness. Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Under the second prong, appellant
must show that there is a reasonable probability that, but for counsel's errors, the result
would have been different. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812. In
determining the validity of appellant's claim of ineffective assistance of counsel, "any
judicial review must be highly deferential to trial counsel and avoid the deleterious effects
of hindsight." Thompson, 9 S.W.3d at 813. 

B. Analysis

 Grant's counsel did not testify at the hearing on the motion for new trial. When, as
in this case, the record is silent regarding the motivation of counsel's tactical or strategic
decisions, there is a strong presumption that counsel acted reasonably. See id. at 814;
Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002) (providing that when counsel's
actions or omissions may have been based upon tactical decisions, but the record contains
no specific explanation for counsel's decisions, an appellate court may not reverse a
conviction on ineffective assistance of counsel grounds); see also Strickland, 466 U.S. at
689. The record in this case does not include counsel's explanation for her conduct at the
revocation hearing; therefore, it is insufficient to overcome a presumption of
reasonableness. Goodspeed, 187 S.W.3d at 392. Furthermore, because Grant pleaded
"true" to two allegations supporting revocation, he has not shown by a preponderance of
the evidence that there is a reasonable probability that, but for his counsel's conduct, the
result of the proceeding would have been different. See Strickland, 466 U.S. at 694;
Thompson, 9 S.W.3d at 812. We overrule Grant's second issue.

IV. Conclusion

 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of March, 2009.