

## NUMBERS 13-09-460-CR and 13-09-463-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ARTHUR WALTER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Arthur Walter, appeals from an order revoking his community supervision and sentencing him to thirty-five years' imprisonment. By one issue, appellant contends that the trial court abused its discretion by denying his motion to suppress evidence. Because appellant has not challenged all grounds for revocation, we affirm.

## I. PROCEDURAL HISTORY

On January 6, 2004, appellant pleaded guilty to the offense of aggravated sexual assault of a child. The trial court deferred adjudication of his guilt and placed him on community supervision for ten years. On December 22, 2008, the State filed a motion to revoke appellant's deferred adjudication probation, alleging that appellant had violated the conditions of his community supervision by: (1) committing the offense of possession of a controlled substance; (2) failing to perform 445 hours of community service in lieu of paying his fines; and (3) failing to complete 320 hours of community service restitution. On February 26, 2009, appellant was indicted, for one count of possession of methamphetamine and one count of possession of cocaine, alleged to have occurred on December 4, 2008 in Nueces County, Texas. Appellant filed a motion to suppress in each case, and the trial court heard and denied the motions on May 28, 2009. On July 27, 2009, appellant pleaded guilty to the new offenses and true to the allegations in the motion to revoke. The trial court assessed punishment at thirty-five years for the sexual assault case. The trial court also assessed appellant's punishment at twenty years in prison and two years in state jail for the two counts of possession.

## II. DISCUSSION

By a single issue, appellant challenges the trial court's denial of his motion to suppress.

### A. Standard of Review and Applicable Law

Appellant's claim that the trial court erred in ruling on the motion to suppress appears to be a claim that the trial court should not have adjudicated guilt. *Holder v. State*, 618 S.W.2d 80, 81 (Tex. Crim. App. 1981). Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion in determining that the

2

defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PRO. ANN. art. 42.12 § 5(b) (Vernon 2006 & Supp. 2009). A plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127,128 (Tex. Crim. App. 1979). Additionally, a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet). Therefore, in order to succeed on appeal, appellant must successfully challenge all of the trial court's findings that support the revocation order. *Moore*, 605 S.W.2d at 926; *Herrera*, 951 S.W.2d at 199.

**B. Analysis**

In addition to alleging that appellant committed the offense of possession of a controlled substance, the motion to revoke probation also alleged that appellant failed to perform 445 hours of community service in lieu of paying his fines and failed to complete 320 hours of community service restitution. At the hearing, appellant pleaded true to all three allegations, yet on appeal, he only challenges the trial court's finding regarding the motion to suppress evidence. Because there was at least one violation established, the trial court's decision to revoke appellant's probation was correct. *See Moore*, 605 S.W.2d at 926. Having concluded the trial court's decision is supported by at least one violation other than the charged offense, we need not address appellant's motion to suppress argument. We overrule appellant's sole issue.

3

## III. Conclusion

We affirm the judgments of the trial court.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of July, 2010.