

# NUMBER 13-09-241-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DAVID HERRERA,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Appellant, David Herrera, was indicted for seven counts of violation of a protective order prohibiting him from having any contact with Tracy Ann Cavazos, the mother of his young son. *See* TEX. PENAL CODE ANN. § 25.07 (Vernon Supp. 2009). It was also presented in the indictment that Herrera had twice been convicted of violation of a protective order under the same statute. On April 26, 2007, appellant pleaded guilty to all

seven counts and, pursuant to a plea bargain agreement, was sentenced to five years'
imprisonment, suspended and probated for three years. He was also ordered to pay a
$1,000.00 fine and $236.00 in court costs.

On March, 10, 2009, the State filed a motion to revoke Herrera's community
supervision, alleging that he had violated its terms by: (1) failing to perform his required
community service hours; and (2) going within 200 yards of Cavazos, as was prohibited by
the terms of his probation. After a hearing, the trial court found that Herrera violated the
terms of his probation, revoked his probation, and sentenced him to the original
punishment of five years imprisonment. By two issues, Herrera argues that the evidence
is legally insufficient to support the trial court's findings that appellant violated the terms of
his probation. We affirm.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

Appellate review of an order adjudicating guilt is limited to determining whether the
trial court abused its discretion in determining that the defendant violated the terms of his
community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
*see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon 2006 & Supp. 2009). This Court
reviews the evidence presented at a revocation hearing in the light most favorable to the
trial court's decision. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi
2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no
pet.). A single violation of a probation condition is sufficient to support the trial court's
decision to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980); *Herrera,*951 S.W.2d at 199.

2

## II. ANALYSIS

A review of the trial court's record of the revocation hearing shows that Cavazos, the victim, testified that on February 7, 2009, during the time period in which Herrera was serving probation and was prohibited from coming within 200 yards of her, she saw Herrera driving down the street past her house. Cavazos estimated that Herrera was within 100 yards from her home and demonstrated to the trial court Herrera's location at the time she saw him on a map of her street, which was admitted into evidence. Corpus Christi police officer Joe Harrison, who patrolled the area in question, testified that the street on which Cavazos lived was no more than 100 yards long and that the distance between Cavazos's house and the place that she had seen Herrera would have been less than 200 yards. Officer Harrison also testified that there was no way a vehicle could have driven down Cavazos' street without passing within 50 yards of the house.

 Further, Herrera testified at the hearing on the motion to revoke, admitting that he had been terminated from his community supervision program because he did not complete twenty-seven hours of community service. Herrera further admitted that he did not complete the community supervision necessary to pay his attorney's fees. Herrera's probation officer, Margarita Reyes, testified that Herrera was terminated from his probation because he failed to perform the requisite community service and also because he was involved in an altercation with another offender.

Viewing this evidence under the applicable the standard of review, we conclude that the evidence is legally sufficient to support the trial court's finding that Herrera violated the terms of his community supervision.

## III. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of August, 2010.