+++++++++++++



## NUMBER 13-10-00581-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ESTEBAN DELEON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 36th District Court
of Aransas County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Esteban DeLeon appeals from a judgment revoking his community supervision. By nine issues which we renumber as five, DeLeon contends the following: (1) the judgment places him in double jeopardy; (2) the State failed to show due diligence in notifying him of its motion to revoke and the arrest warrant; (3) the trial court abused its discretion in granting the State's motion to revoke his community supervision; (4)

counsel's assistance was ineffective; and (5) the trial court improperly cumulated his sentences. We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND[1]

On December 9, 2003, DeLeon was convicted by a jury of aggravated assault with a deadly weapon, a second-degree felony under section 22.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). That same day, in the same cause number, the jury also convicted DeLeon of robbery under section 29.02, also a second-degree felony. *See id.* § 29.02 (West 2011). After a punishment hearing, the jury sentenced DeLeon to two years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for aggravated assault, and the trial court imposed the recommended two-year sentence. For the robbery conviction, the jury sentenced appellant to ten years in the TDCJ, which the trial court suspended as recommended by the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4 (West Supp. 2011). On December 10, 2003, DeLeon was placed on community supervision for ten years for the robbery conviction and was served with his conditions of community supervision. On October 17, 2005, after DeLeon was released from the TDCJ, having served his two-year sentence for aggravated assault, the Aransas County Community Supervision Department (the Department) resumed the community supervision. After a hearing on November 10, 2005, restitution was determined to be $58,400.

On March 31, 2006, the State filed a motion to revoke DeLeon's community supervision, alleging the following six violations: (1) failure to report in person to the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

supervision officer as ordered by the court; (2) failure to report a change of address, change of job, or arrest to the supervision officer within two Department working days; (3) failure to pay a statutory supervisory fee as ordered; (4) failure to pay court costs as ordered; (5) failure to pay restitution as ordered; and (6) failure to pay a crime stopper's fee as ordered. Capias on this motion was issued on March 31, 2006 and served on DeLeon on August 27, 2010 when he was extradited back to Aransas County from Honolulu, Hawaii.

On September 9, 2010, the State filed an amended motion to revoke alleging eight violations, including the six violations identified above and the following additional violations: failing to timely report an arrest for operating a vehicle under the influence of an intoxicant and an arrest for promoting detrimental drugs. The capias on the amended motion to revoke was issued on September 9, 2010 and served on DeLeon on September 10, 2010.

The trial court heard the State's amended motion to revoke community supervision on September 30, 2010. DeLeon appeared with counsel and was admonished by the trial court. DeLeon indicated to the trial court that he was satisfied with the representation provided to him by his counsel. DeLeon pleaded true to the allegations contained in the first seven paragraphs of the State's amended motion to revoke, and the State abandoned the eighth violation that alleged an arrest for promoting detrimental drugs. In support of DeLeon's pleas of true, DeLeon's stipulation and waiver of the pre-sentence report and his stipulation of the evidence and judicial confession were admitted as State's Exhibits 1 and 2, respectively. DeLeon also testified at the hearing. In addition, on the issue of disposition, the trial court admitted a revocation report

3

prepared by the Department as State's Exhibit A.

After hearing the evidence, the trial court found DeLeon violated the terms and conditions of his community supervision and revoked his probation. It then sentenced DeLeon to ten years' confinement in the TDCJ. The trial court denied DeLeon's motion for reconsideration or reduction of his sentence. This appeal followed.

## II. DOUBLE JEOPARDY

In his first issue, DeLeon asserts that his convictions for both aggravated assault and robbery constitute double jeopardy. *See* U.S. CONST., amends. V, XVI. The Fifth Amendment guarantee against double jeopardy protects against a second prosecution for the same offense after a conviction or an acquittal. *N. Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *see Benton v. Maryland*, 395 U.S. 784, 787 (1969) (explaining that the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment). This guarantee also protects against multiple punishments for the same offense. *Pearce,* 395 U.S. at 717. DeLeon claims that he is being punished twice for a single offense against the same victim in the same episode; thus, it is the latter protection that DeLeon asserts here. *See id.*

DeLeon raises his double jeopardy claim for the first time on appeal. Generally, a defendant bears the burden of preserving a double jeopardy objection at or before the time the issue of his guilt is submitted to the finder of fact. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (en banc). However, because of the fundamental nature of double jeopardy protections, an appellant is excused from the preservation requirement when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and (2) enforcement of the usual

4

rules of procedural default serves no legitimate state interest. *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez*, 8 S.W.3d at 643. DeLeon must satisfy both prongs of this test in order to raise his complaint for the first time on appeal. *Long v. State*, 130 S.W.3d 419, 424 (Tex. App.—Houston [14th Dist.] 2004, no pet.). And, as to the first prong, the critical inquiry is whether the record before the reviewing court clearly reflects a double jeopardy violation. *See id.*

Separate offenses constitute the same offense for purposes of double jeopardy when each element of the first offense is identical to each element of the second offense. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). In *Bigon v. State,* the Texas Court of Criminal Appeals broadened a double-jeopardy challenge when it held that "[u]nder the cognate-pleadings approach . . . , double-jeopardy challenges should be made even to offenses that have differing elements under *Blockburger*, if the same 'facts required [to establish the commission of the offense charged]' are alleged in the indictment." 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) (quoting *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)).

Here, the aggravated assault indictment alleged that on or about June 25, 2008, DeLeon,

> intentionally, knowingly[,] or recklessly caused serious bodily injury to Michael Givens by striking and running over the said Michael Givens with a trailer towed behind a Chevrolet Suburban, and said Chevrolet Suburban with towed trailer was then and there a deadly weapon in the manner in which said Chevrolet Suburban with trailer was then and there being used it was capable of causing death or serious bodily injury.

*See* TEX. PENAL CODE ANN. § 22.02. The robbery indictment alleged that on or about June 25, 2003, DeLeon, "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly

caused bodily injury to Michael Givens by striking the said Michael Givens and knocking him from a moving vehicle."   *See id.* § 29.02.

The two offenses for which DeLeon was convicted do not involve identical elements.   *See Blockburger*, 284 U.S. at 304.   Moreover, the two offenses do not involve the same facts required to establish the commission of the offenses charged—one offense involves DeLeon running over Givens, and the other involves DeLeon striking Givens and knocking him from a moving vehicle.   *See Bigon,* 252 S.W.3d at 370.   Therefore, the record before this reviewing court does not clearly reflect a double jeopardy violation.   *See Langs*, 183 S.W.3d at 687; *Gonzalez*, 8 S.W.3d at 643; *Long*, 130 S.W.3d at 424.   Therefore, because DeLeon did not object at trial, he is not excused from the preservation requirement and has forfeited his right to raise his double jeopardy claim for the first time on appeal.[2]   *See Langs*, 183 S.W.3d at 687.   We overrule DeLeon's first issue.

### III.   DUE DILIGENCE

By his second issue, DeLeon contends that the State failed to show that it exercised due diligence in notifying him of the revocation motion and the arrest warrant when the Department knew he was living in Hawaii.   DeLeon asserts that when he raised this contention at the revocation hearing, the State offered nothing to show why it did not attempt to locate him for over four years after the first motion to revoke was filed.

Once a defendant raises due diligence in a revocation proceeding, the State must prove by a preponderance of the evidence that due diligence was used in executing the

---

[2] Because DeLeon must satisfy both prongs of the test set out in *Langs v. State* in order to raise double jeopardy for the first time on appeal, we need not address the second prong—whether the enforcement of the usual rules of procedural default would serve no legitimate interest in this revocation proceeding.   *See* 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Long v. State*, 130 S.W.3d 419, 424 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

capias and in holding a hearing on the motion to revoke. *Peacock v.* State, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002). However, "the due diligence requirement does not apply if the defendant is arrested within the community supervision period." *Ballard v. State*, 126 S.W.3d 919, 921 (Tex. Crim. App. 2004) (holding that the trial court correctly denied the motion to dismiss the revocation proceedings challenging due diligence because the defendant was arrested before the community supervision period expired); *see also Rangel v. State*, No. 13-02-00567-CR, 2005 Tex. App. LEXIS 2636, at *2 (Tex. App.—Corpus Christi Apr. 7, 2005, no pet.) (mem. op., not designated for publication) (concluding that when Rangel was arrested within the community supervision period, the doctrine would not be applicable even if properly raised).

In this case, DeLeon was given the conditions of his community supervision on December 10, 2003, and following his release from the TDCJ on October 17, 2005, the Department resumed supervision on his robbery case. The hearing on the State's motion to revoke was held on September 10, 2010, well before DeLeon's community supervision term would have expired. *See Ballard*, 126 S.W.3d at 921. Therefore, DeLeon's due diligence argument fails, and we overrule his second issue.

## IV. REVOCATION OF COMMUNITY SUPERVISION

In his third issue, DeLeon complains that the trial court abused its discretion when it revoked his community supervision for the following reasons: (1) an arrest he allegedly failed to report within two Department working days; (2) other violations that were not alleged in the State's motion to revoke; and (3) failure to pay restitution, court costs, and fines, absent a showing that he had the ability to make such payments or that his failure was intentional.

7

We review an order revoking community supervision and adjudicating guilt by determining whether the trial court abused its discretion in determining whether the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). A single violation of a community supervision condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.).

The trial court heard the State's amended motion to revoke community supervision and accepted DeLeon's pleas of true to the allegations contained in the first seven paragraphs of the State's amended motion to revoke. The State abandoned the eighth allegation. The trial court admitted the State's exhibits in support of DeLeon's pleas of true and heard DeLeon's testimony. After hearing the evidence, the trial court found DeLeon violated the terms and conditions of his community supervision and revoked his probation.

On appeal, DeLeon challenges five of the seven alleged violations to which he pleaded true. He does not challenge the two remaining allegations—his failure to report to the supervision officer as ordered by the court and his failure to report a change of address within two Department working days. DeLeon's pleas of true to the unchallenged alleged violations are sufficient to support the trial court's revocation of his community supervision. *See Moore*, 605 S.W.2d at 926; *Herrera*, 951 S.W.2d at 199.

8

We, therefore, conclude that the trial court did not abuse its discretion in granting the State's motion to revoke DeLeon's community supervision. Accordingly, we overrule DeLeon's third issue.

### V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, DeLeon complains of ineffective assistance of counsel. He contends that counsel was ineffective for advising him "to plead true [to all of the alleged violations] when the facts show that some were not, in fact, true." DeLeon asserts that he should not have pleaded true to the allegation that he failed to make payments because the evidence established that he made a reasonable effort to pay, that his failure was unintentional, and that he had an affirmative defense because he was financially unable to pay the "exorbitant" restitution fees.

To show ineffective assistance of counsel, a defendant must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In this case, even were we to conclude that counsel's alleged advice to DeLeon that he should plead true to the financial violations fell below an objective standard of reasonableness, we would not conclude that but for such error, the result of the proceeding would have been different. *See id.*

DeLeon's pleas of true to the two non-financial allegations, about which he does not now complain, were sufficient to support the trial court's revocation of his community supervision. *See Moore*, 605 S.W.2d at 926; *Herrera*, 951 S.W.2d at 199. Therefore, had counsel advised DeLeon to plead not true to the five remaining alleged violations, the

9

result of the proceeding would have been the same. *See Strickland*, 466 U.S. at 687-88, 694. Furthermore, DeLeon appears to argue that the trial court imposed a maximum sentence because he pleaded true to all violations. However, because he does not develop his argument for this contention, and does not provide citations to authorities and to the record in support of this argument, it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). Accordingly, we overrule DeLeon's fourth issue.

## VI. SENTENCING

DeLeon contends by his fifth and final issue that the trial court improperly cumulated his sentences when it revoked his community supervision and sentenced him to ten years in prison for robbery, after he had already completed two years in prison on his conviction for aggravated assault. DeLeon asserts that the cumulated sentence of twelve years resulted in an unlawful punishment for offenses arising out of the same criminal episode.

Texas statutes give a trial court discretion to order that a defendant's sentences run consecutively under most circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2011); TEX. PENAL CODE ANN. § 3.03 (West Supp. 2011). Therefore, we review a decision regarding consecutive sentences under an abuse of discretion standard. *See Macri v. State*, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref'd).

In this case, DeLeon contends that the trial court abused its discretion when it imposed consecutive sentences where the law—penal code section 3.03—required

10

concurrent sentences. *See* TEX. PENAL CODE ANN. § 3.03 (providing that "[w]hen an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced[,]" and the sentences shall run concurrently, subject to certain provisions not relevant here.); *Millslagle v. State*, 150 S.W.3d 781, 784 (Tex. App.—Austin 2004, pet. dismissed) (referring to section 3.03(a) as an exception to the rule allowing trial court discretion). We agree, but for a different reason.

Our review of the record reveals three judgments entered in this case, two on December 10, 2003 and one, the judgment from which DeLeon appeals, on September 30, 2010. The first judgment found DeLeon guilty of aggravated assault and sentenced him to two years in prison. The second judgment found DeLeon guilty of robbery and sentenced him to ten years in prison, suspended and probated for ten years. The third judgment found DeLeon violated the terms of his community supervision for the robbery conviction and sentenced him to ten years in prison. Importantly, all three judgments included the following language: "This sentence shall run **concurrently unless otherwise specified**." We find no language in any of the judgments specifying otherwise—that the sentence shall run consecutively with any other sentence. Because it is clear from the language of each judgment that each sentence was to run concurrently, we conclude that the trial court abused its discretion in allowing the entry of a judgment that, in effect, cumulated the sentences—a judgment that did not credit DeLeon for the time he spent in prison serving his two-year sentence for the aggravated assault conviction, which in this case was from December 10, 2003 to October 16, 2005. We sustain DeLeon's fifth issue.

11

## VII. CONCLUSION

We affirm, in part, the trial court's judgment revoking DeLeon's community supervision and sentencing DeLeon to confinement in the TDCJ. We reverse, in part, to the extent the judgment does not give DeLeon credit for time served in prison for his aggravated assault conviction, and remand to the trial court with instructions to reform the judgment to reflect any credit for time served in accordance with this opinion. *See Joseph v. State*, 3 S.W.3d 627, 643-44 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 15th
day of March, 2012.

12