

# NUMBERS 13-14-00005-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JUSTIN SLAVIK,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 94th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Justin Slavik appeals his conviction for assault (family violence by impeding breath or circulation), a third-degree felony. *See* TEX. PENAL CODE ANN § 22.01(b)(2)(B) (West, Westlaw through 2013 3d C.S.). Pursuant to a plea-bargain agreement, appellant judicially confessed to the offense and was placed on deferred-adjudication community supervision for a period of three years. The State subsequently

moved to revoke appellant's community-supervision, alleging that appellant violated his community-supervision conditions by committing two new offenses: (1) injury to a child—reckless bodily injury; and (2) assault—causing bodily injury and impeding breath. The trial court found the violations to be true, adjudicated appellant guilty of the original offense, and assessed punishment at eight years of confinement in the Texas Department of Criminal Justice, Institutional Division. By a single issue, appellant argues the evidence was insufficient to prove he violated his community-supervision conditions. We affirm.

## I. BACKGROUND

At the hearing on the motion to revoke, Maria Salas, appellant's ex-girlfriend, testified she became afraid of appellant after he punched her. According to Salas, she woke up late and, as a result, did not wake appellant up in time to punctually arrive at work. In response, appellant put his arms around her neck and pushed her up the side of a wall, lifting her off the ground and cutting off her air supply. Salas also stated appellant punched her on other occasions.

Salas further testified she called 911 about two weeks after the choking incident because appellant kicked her one-year-old baby, J.S., causing J.S. to fall on the floor. She also stated appellant, in disciplining her three children, "literally beat them." Salas related how appellant would strike her children so hard with a belt that it would leave bruises on their bodies, and the State admitted photographs of the three children that reveal substantial bruising on each child. Two of Salas's children testified that appellant

2

caused the bruises that appear in the photographs. The court also admitted into evidence Salas's statements to the police.

One of Salas's children, R.S., testified that at some point appellant began getting mean to Salas and then to R.S. According to R.S., appellant slapped and spanked R.S., "whopped" his brother, M.S., and slapped and kicked his other brother, J.S. R.S. believed that he heard appellant slapping Salas but did not witness it.

Julie Denny, a registered nurse involved in evaluating and treating Salas and her five children, testified that two of Salas's children made an outcry stating, appellant physically abused them. Driscoll Children's Hospital's medical records were admitted into evidence, including photo documentation.

## II. STANDARD OF REVIEW

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). At a probation-revocation proceeding, the State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community-supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order. *See*

3

*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.). The trial court is the trier of fact in a revocation proceeding and is the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Inconsistencies in the testimony at the revocation hearing merely raise credibility issues for the trial court, which is free to accept or reject any or all of the witnesses' testimony. *Miles v. State*, 343 S.W.3d 908, 913–14 (Tex. App.—Fort Worth 2011, no pet.). We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.* at 914.

## III. ANALYSIS

Appellant argues that the evidence is legally and factually insufficient to prove he was guilty of the offenses of injury to a child and assault. Appellant seeks to challenge the credibility of the witnesses and asserts that both Salas and he disciplined the children, that he did not do anything Salas did not do, and that the bruises could have been caused by any one of the adults who lived in the house. He also points to testimony given by his father, mother, and sister that they always witnessed positive interactions and never witnessed appellant abusing Salas or her children. In our review, however, the general standards for legal and factual sufficiency challenges on appeal do not apply. *See Miles* 343 S.W.3d at 911–14; *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet ref'd). Instead, we determine whether the trial court abused its discretion in finding, by a preponderance of the evidence, that appellant violated a term or condition of his community supervision. *See Miles* 343 S.W.3d at 911–14*.*

4

In reviewing the evidence in this case in the light most favorable to the prosecution, *Id.* at 914, we hold a rational trier of fact could have found by a preponderance of the evidence that appellant violated his community-supervision conditions. Salas testified appellant kicked her one-year old child and "beat" her other children, causing substantial bruising, which was further evidenced by photographs and Denny's testimony. Salas also alleged appellant struck her on multiple occasions and that on one occasion, he choked her. Although appellant offered his own version of events, the trial court was free to disbelieve appellant and his witnesses and to believe the other witnesses. *See Id.* at 911–14. We defer to the trial court as the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Id.* 913–14; *Canseco* 199 S.W.3d 439. We overrule appellant's sole issue on appeal.

## IV.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of July, 2014.

5