Tesa BALLARD, Appellant,

v.

The STATE of Texas.

Nos. 1683–02, 1684–02.

Court of Criminal Appeals of Texas.

Jan. 14, 2004.

Jacob D. Davis, Corsicana, for appellant.

Matthew Paul, State's Atty., Austin, for state.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

In the community supervision[1] revocation context, we must determine whether the due diligence requirement applies when the capias is issued and the defendant is apprehended within the community supervision period but the revocation hearing is held outside of that period. We hold that the due diligence requirement does not apply under those circumstances.

### A. The facts

Appellant was convicted on one count of tampering with a witness and one count of retaliation. She was placed on five years community supervision for each count, the periods to run concurrently. On December 8, 1998, the State filed a motion to revoke in each case. On December 4, 1998 (before the motions were file-marked by

---

1. "Community supervision" is the current statutory term for what was formerly called "probation."

the clerk), the trial court issued a warrant in each case for appellant's arrest. Appellant was arrested on May 21, 2001, over twenty-nine months after the arrest warrants were issued and about two months before her community supervision period expired.

On August 15, 2001, about four weeks after her community supervision period had expired, appellant filed a motion to dismiss the revocation proceedings on the ground that the State had failed to exercise due diligence in apprehending her. The trial court held a revocation hearing on August 30, 2001 and revoked appellant's community supervision. She was sentenced to five years in prison on the retaliation case and to one year on the witness-tampering case.

### B. Court of Appeals opinion

On appeal, appellant claimed that the State failed to exercise due diligence in apprehending her. The Court of Appeals agreed, reversing the order revoking appellant's probation and rendering an order denying the State's motions to revoke. Justice Gray dissented, contending that the due diligence doctrine applies only when the defendant is arrested after the expiration of the community supervision period. Agreeing with Justice Gray's contention, the State petitioned for discretionary review.

### C. Analysis

■ At issue here is the interpretation of the community supervision revocation statute and the doctrine of due diligence. We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[2] The statute provides in relevant part:

*At any time during the period of community supervision* the judge *may issue a warrant* for violation of any of the conditions of community supervision *and cause the defendant to be arrested.* Any supervision officer, police officer or other officer with power of arrest may arrest such defendant with or without a warrant upon the order of the judge to be noted on the docket of the court. A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge. Such officer shall forthwith report such arrest and detention to such judge. If the defendant has not been released on bail, on motion by the defendant the judge shall cause the defendant to be brought before the judge for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke community supervision.[3]

In *Peacock v. State,* we reconsidered and upheld the doctrine of due diligence.[4] Although we observed that "there may be no express statutory authority for the due diligence defense, neither is there an express statutory authority for continuing jurisdiction for a trial court in a probation revocation."[5] In the absence of explicit statutory direction, we found that the extension of jurisdiction beyond the community supervision period and the due diligence defense were both favored by the policy of preventing community supervi-

2. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

3. TEX. CODE CRIM. PROC., Art. 42.12 § 21(b)(emphasis added).

4. 77 S.W.3d 285 (Tex.Crim.App.2002).

5. *Id.* at 289.

sion violators from intentionally eluding the authorities.[6]

█ The present case differs from *Peacock* in that the defendant was apprehended within the community supervision period. While the revocation statute is silent about how to deal with someone who is arrested outside the community supervision period, the revocation statute plainly authorizes an arrest "at any time" within the period of supervision. And in fact, the statute contains its own express remedy for failing to hold a speedy hearing: if the defendant has not been released on bail and he files a motion for a speedy hearing, the trial court must hold a hearing twenty days from the filing of the motion. The statutory scheme clearly contemplates that, after arrest, the defendant carries the "burden of pursuing a prompt hearing."[7] We find nothing absurd about this result. Consequently, we hold that the due diligence requirement does not apply if the defendant is arrested within the community supervision period.[8]

We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.[9]

JOHNSON, J., concurred in the judgment of the Court.

MEYERS, J., did not participate.

---

**6.** *Id.*

**7.** *See* Dix and Dawson, 43A TEXAS PRACTICE: *Criminal Practice and Procedure*, § 40.66, p. 109 (2001).

**8.** Although such a defendant cannot advance a due diligence defense, he has the statutory twenty-day remedy, and in appropriate circumstances, may have a constitutional speedy hearing claim under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Coleman v. State*, 632 S.W.2d 616, 618 (Tex.Crim.App.1982).

**9.** There are no other points of error to be resolved.