Affirmed and Memorandum Opinion filed March 2, 2004













Affirmed and
Memorandum Opinion filed March 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-03-00212-CR

_______________

 

JOSHUA P.
JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_______________________________________________________

 

On Appeal from the 248th District Court

Harris County,
Texas

Trial Court Cause No. 94-26991

_______________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Joshua Jackson appeals the
revocation of his community supervision on a conviction for attempted capital
murder[1] on
the grounds that: (1) the trial court erroneously permitted his motion for new
trial to be overruled by operation of law when the State did not file a
controverting affidavit; (2) the State failed to use due diligence to apprehend
appellant for over a year from the filing of the motion to revoke; and (3) the
trial court abused its 

 class=Section2>

discretion
by revoking appellant’s community supervision for technical violations.  We affirm.

            Appellant’s first issue argues that
the trial court erred by allowing his motion for new trial to be overruled by
operation of law after the State failed to file a controverting affidavit.  Appellant contends that because there was
thus no evidence to controvert his affidavit, the trial court should have found
the facts he alleged true and granted his motion for new trial.[2]

            A trial court’s denial of a motion
for new trial is reviewed for abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001).  A defendant is not
entitled to even a hearing on his motion for new trial, let alone to have it
granted, unless the motion and accompanying affidavit raise matters that are
not determinable from the record and reflect that reasonable grounds exist for
holding that the accused could be entitled to relief.  See
Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

            In this case, appellant’s affidavit
alleged ineffective assistance of counsel based on his appointed counsel’s
alleged failure to: (1) investigate and prepare his case; (2) call witnesses on
his behalf; (3) interview his employer, instructors, or family; (4) meet more
than once with him before the revocation hearing; (5) call his doctor to inform
the court that he “had prescriptions that covered his positive urine samples”;
and (6) retain a chemist to challenge the community supervision department’s
labs.  However, the grounds on which his
community supervision was revoked were appellant’s admitted failures to report
to his community supervision officer and to work his monthly community service
hours.  Because appellant’s first issue
fails to demonstrate how the facts he alleged in support of his motion for new
trial could have overcome these grounds for revoking his community supervision,
it is overruled.

            Appellant’s second issue contends
that the State failed to use due diligence to apprehend him for over a year
after the filing of the motion to revoke. 
However, any such lack of diligence must be raised by a defendant before
or during the revocation hearing in 

 class=Section3>

order to
preserve it for appellate review.  Peacock v. State, 77 S.W.3d 285,
287-88 (Tex.
Crim. App. 2002).  In this case, because
appellant did not do so, his second issue presents nothing for our review.  In addition, the due diligence requirement
does not apply if a defendant is arrested within the community supervision
period.  Ballard v. State, 2004 WL 57421, *2 (Tex. Crim. App. 2004).  In this case, appellant was arrested on
December 6, 2002, well within his ten year community supervision period that
began in 1995.  Accordingly, appellant’s second
issue is overruled.

            Appellant’s third issue asserts that
the trial court abused its discretion by revoking appellant’s community
supervision for technical violations in that there was no new law violation, he
had completed 341 hours of his community service, and he was attending school,
working, and seeking help for his drug problem. 
However, appellant cites no authority to support his claim that revoking
community supervision under these circumstances is an abuse of discretion if a
violation of the terms is shown.  In this
case, appellant admitted that he had failed to report to his community
supervision officer or work any community service hours[3] for nearly
a year and-a-half, from August of 2001 until the revocation hearing in January
of 2003.  Appellant’s third issue thus
fails to show an abuse of discretion in revoking his community
supervision.  Accordingly, it is
overruled, and the judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H.
 Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 2, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











[1]           A jury found appellant guilty and assessed
punishment at ten years community supervision. 
The State later filed a motion to revoke the community supervision, and
the trial court revoked it and assessed punishment at ten years confinement.





[2]           The record does not indicate whether a hearing was
held on the motion for new trial except that the motion is marked with the following
handwritten, unsigned, notation: “Do by aff. 3-24.”  Appellant does not assign error to any denial
of a hearing.





[3]           Appellant was required to work twenty such hours per
month.