NO. 07-04-0081-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 30, 2004



______________________________




MICHAEL DUANE CARY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A13194-9809; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

 MEMORANDUM OPINION


 Appellant Michael Duane Cary brings this appeal from the revocation of his
community supervision. We affirm the trial court's judgment. Appellant was charged by
indictment with the felony offense of possession of marijuana. He was convicted on his
plea of guilty January 5, 1999 and sentenced in conformity with a plea agreement to ten
years confinement, a $1,000.00 fine, court costs, and attorneys fee. Also in accordance
with the plea agreement, appellant's incarceration was suspended for five years,
conditioned on his compliance with the terms of his community supervision. In March 1999,
appellant was permitted to move to Tarrant County. 

 The State filed a motion to revoke appellant's community supervision in October 
2000, alleging four violations of the conditions of his community supervision. Following a 
hearing at which appellant pled true to two violations, the court continued appellant on
community supervision, added one year to the term, and added costs from the hearing to
his restitution.

 The State presented a second motion to revoke December 30, 2002 alleging
appellant failed to report as required, failed to pay restitution, and failed to perform
community services. The court signed an order for issuance of a capias, but the capias
was not served on appellant until January 22, 2004 when he was stopped for a traffic
violation in Tarrant County. Relying on Brecheisen v. State, 4 S.W.3d 761 (Tex.Crim.App.
1999), appellant moved to dismiss the State's motion on the basis that it "failed to use
diligence in executing the capias." 

 The trial court overruled appellant's motion to dismiss, holding the requirement of
due diligence in execution of a capias applies only when service occurs after expiration of
the term of community supervision. See Ballard v. State, 126 S.W.3d 919, 921
(Tex.Crim.App. 2004). (1) Over his plea of "not true" and after hearing testimony from
appellant and his Hale County probation officer the court found appellant violated each of
the conditions alleged by the State and sentenced him to ten years confinement in the
Institutional Division of the Department of Criminal Justice, imposed a $1,000.00 fine and
court costs. Appellant timely filed a notice of appeal.

 Appellant's counsel has filed a brief stating he has carefully reviewed the record in
this case and concludes there is no reversible error and the appeal is frivolous. See Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief
discusses the procedural history of the case, and the application of controlling legal
authority on the issue raised in appellant's motion to dismiss. Counsel also has filed a
motion to withdraw and by letter informed appellant of his right to review the trial record and
to file a pro se brief. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.- Waco 1994, pet.
ref'd). This Court also notified appellant of his opportunity to submit a response to the
Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a brief or
other response. Nor has the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. (2) See Stafford, 813 S.W.2d at 511. We agree it presents
no meritorious grounds for review. The trial court did not abuse its discretion in revoking
appellant's community supervision. We grant counsel's motion to withdraw and affirm the
judgment of the trial court. 


 James T. Campbell 

 Justice 




Do not publish. 
1. The court also noted appellant was arrested pursuant to the capias after his
probation would have expired under the original order, but the one year extension added
after the first motion to revoke extended the term until January 5, 2005.
2. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Tex. Code Crim. Proc. art. 42.12 §23(b); see Manuel v. State, 994
S.W.2d 658, 661 (Tex.Crim.App. 1999). We also agree the trial court correctly applied
Ballard, 126 S.W.3d at 921, in overruling appellant's motion to dismiss.



me="Medium List 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0283-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 10, 2010

 

__________________________

 

RODNEY CARROLL
KEELING, APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

____________________________

 

FROM THE 251ST
DISTRICT COURT OF RANDALL COUNTY; 

 

NO. 20539-C;
HONORABLE ANA ESTEVEZ, JUDGE

____________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER OF ABATEMENT AND REMAND

 

 

Appellant, Rodney Carroll Keeling, filed a notice of
appeal from his conviction for driving while intoxicated and enhanced sentence
of 10 years incarceration in the Institutional
Division of the Texas Department of Criminal Justice.  The appellate court clerk received and filed
the trial court clerk=s record
on October 20, 2009, and the trial court reporter=s record
was received and filed on November 13, 2009. 
Appellant moved for an extension of time to file his brief, which was
granted, making appellant=s brief
due on or before January 13, 2010. 
Appellant did not file his brief or request an extension of time to file
his brief by this deadline. 
Consequently, on January 20, 2010, this Court sent appellant notice
that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his
brief by February 1, 2010 may result in the appeal being abated and remanded
without further notice.  As of the date
of this order, appellant has failed to file his brief. 

Accordingly, we now abate this appeal and remand the
cause to the trial court.  See Tex. R. App. P. 38.8(b)(2).  Upon remand,
the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires
to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent and, if not indigent, whether counsel for
appellant has abandoned the appeal; (3) if appellant desires to prosecute this
appeal, whether appellant=s present
counsel should be replaced; and (4) what orders, if any, should be entered to
assure the filing of appropriate notices and documentation to dismiss appellant=s
appeal if appellant does not desire to prosecute this appeal or, if appellant
desires to prosecute this appeal, to assure that the appeal will be diligently
pursued.  If the trial court determines
that the present attorney for appellant should be replaced, the court should
cause the Clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly appointed or newly retained
attorney.  

The trial court is directed to: (1) conduct any
necessary hearings; (2) make and file appropriate findings of fact, conclusions
of law, and recommendations and cause them to be included in a supplemental
clerk=s record; (3) cause the hearing
proceedings to be transcribed and included in a supplemental reporter=s
record; (4) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk=s
record or the supplemental reporter=s record;
and (5) cause the records of the proceedings to be sent to this Court.  See Tex.
R. App. P. 38.8(b)(3).  In the absence of a request for extension of
time from the trial court, the supplemental clerk=s record,
supplemental reporter=s record,
and any additional proceeding records, including any orders, findings,
conclusions, and recommendations, are to be sent so as to be received by the
Clerk of this Court not later than March 9, 2010.    

 

Per Curiam

Do not publish.