NO. 07-04-0081-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2004

______________________________

MICHAEL DUANE CARY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A13194-9809; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Michael Duane Cary brings this appeal from the revocation of his community supervision.  We affirm the trial court’s judgment.  Appellant was charged by indictment with the felony offense of possession of marijuana.  He was convicted on his plea of guilty January 5, 1999 and sentenced in conformity with a plea agreement to ten years confinement, a $1,000.00 fine, court costs, and attorneys fee.  Also in accordance with the plea agreement, appellant’s incarceration was suspended for five years, conditioned on his compliance with the terms of his community supervision.  In March 1999, appellant was permitted to move to Tarrant County. 

The State filed a motion to revoke appellant’s community supervision in October  2000, alleging four violations of the conditions of his community supervision.  Following a  hearing at which appellant pled true to two violations, the court continued appellant on community supervision, added one year to the term, and added costs from the hearing to his restitution.

The State presented a second motion to revoke December 30, 2002 alleging appellant failed to report as required, failed to pay restitution, and failed to perform community services.  The court signed an order for issuance of a capias, but the capias was not served on appellant until January 22, 2004 when he was stopped for a traffic violation in Tarrant County.  Relying on 
Brecheisen v. State
, 4 S.W.3d 761 (Tex.Crim.App. 1999), appellant moved to dismiss the State’s motion on the basis that it “failed to use diligence in executing the capias.” 

 The trial court overruled appellant’s motion to dismiss, holding the requirement of due diligence in execution of a capias applies only when service occurs after expiration of the term of community supervision.  
See Ballard v. State
, 126 S.W.3d 919, 921 (Tex.Crim.App. 2004).
(footnote: 1)  Over his plea of “not true” and after hearing testimony from appellant and his Hale County probation officer the court found appellant violated each of the conditions alleged by the State and sentenced him to ten years confinement in the Institutional Division of the Department of Criminal Justice, imposed a $1,000.00 fine and court costs.  Appellant timely filed a notice of appeal.

Appellant's counsel has filed a brief stating he has carefully reviewed the record in this case and concludes there is no reversible error and the appeal is frivolous. 
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).  The brief discusses the procedural history of the case, and the application of controlling legal authority on the issue raised in appellant’s motion to dismiss.  Counsel also has filed a motion to withdraw and by letter informed appellant of his right to review the trial record and to file a pro se brief.  
Johnson v. State
, 885 S.W.2d 641, 645 (Tex.App.– Waco 1994, pet. ref'd).  This Court also notified appellant of his opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by his counsel.  Appellant has not filed a brief or other response.  Nor has the State filed a brief in this appeal. 

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

Our review of counsel’s brief and the record convinces us that appellate counsel conducted a thorough review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.
(footnote: 2)  
See Stafford
, 813 S.W.2d at 511.  We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court. 

James T. Campbell 

        Justice 

Do not publish.  

FOOTNOTES
1:
The court also noted appellant was arrested pursuant to the capias after his probation would have expired under the original order, but the one year extension added after the first motion to revoke extended the term until January 5, 2005.

2:
Our review is limited, though, to any issues related to revocation of appellant's community supervision.  Tex. Code Crim. Proc. art. 42.12 §23(b); 
see Manuel v. State
, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999).  We also agree the trial court correctly applied 
Ballard
, 126 S.W.3d at 921, in overruling appellant’s motion to dismiss.