

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00258-CR

**WILLIAM JOSEPH HORTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2003-77-C2**

## MEMORANDUM  OPINION

William Joseph Horton pleaded guilty to possession of marihuana and was placed on community supervision. The State later filed a motion to revoke. After a hearing, the trial court revoked Horton's community supervision and sentenced him to two years in state jail. Horton appeals, arguing that: (1) his probationary period was not properly extended; (2) the State failed to exercise due diligence to arrest him; (3) testimony regarding his drug tests was inadmissible; and (4) the written judgment improperly orders restitution and court costs. We affirm.

## PROBATIONARY PERIOD

In point one, Horton argues that the trial court improperly revoked his community supervision because the probationary term was not properly extended.

The trial court retains jurisdiction to revoke community supervision after expiration of the probationary term as long as, before expiration of the term, the State files a motion to revoke and a capias is issued for the defendant's arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(e) (Vernon Supp. 2009).

Horton complains that the capias was issued before the State filed its motion to revoke. Without addressing whether the State must file a motion to revoke before a capias is issued, we find that the sequence of events did not occur as argued by Horton. The record shows that the motion and the order for capias were signed on the same day. The next day, the motion was filed at 9:16 a.m. and the capias issued. The docket sheet lists the filing of the motion, followed by issuance of the capias. The record shows that, before the probationary term expired, the State filed a motion to revoke and a capias was issued for Horton's arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(e); *see also Flowers v. State*, No. 10-08-00331-CR, 2009 Tex. App. LEXIS 8513, at *5 (Tex. App.—Waco Nov. 4, 2009, no pet.) (not designated for publication). Because the record reflects compliance with section 21(e), we overrule point one.

## DUE DILIGENCE

In point two, Horton contends that the trial court improperly revoked his community supervision because the State failed to exercise due diligence to arrest him.

Under *Peacock v. State*, 77 S.W.3d 285 (Tex. Crim. App. 2002), "a trial court's jurisdiction over a motion to revoke community supervision did not survive the expiration of the community supervision period unless (1) a motion to revoke was filed before the community supervision period expired, (2) an arrest warrant, capias, or summons was issued before the community supervision period expired, and (3) the State exercised due diligence in having a revocation hearing." *Wheat v. State*, 165 S.W.3d 802, 805 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Peacock*, 77 S.W.3d at 287-88). The State's failure to execute a capias with due diligence was regarded as a plea in bar or defense. *Id*. The State bore the burden of proving "its due diligence once the defendant raised the issue." *Id*.

Thereafter, section 21(e) was added to article 42.12 to "extend the trial court's continuing jurisdiction to revoke community supervision after the expiration of the term of community supervision:"

> A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

*Wheat*, 165 S.W.3d at 805; s*ee* Act of May 30, 2003, 78th Leg., R.S., ch. 250, § 2, 2003 Tex. Gen. Laws 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e)); *see also Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). This change eliminated the "due-diligence element" and "removed the broad, lack-of-due-diligence

defense that had prevailed according to the prior caselaw." *Wheat*, 165 S.W.3d at 805; *see Nurridin*, 154 S.W.3d at 924.

The Legislature also added section 24, "which gives back a limited affirmative defense of lack of due diligence:"

> For the purposes of a hearing under Section . . . 21(b), it is an affirmative defense to revocation *for an alleged failure to report to a supervision officer as directed or to remain within a specified place* that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation *failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address*, as reflected in the files of the department serving the county in which the order of community supervision was entered.

*Wheat*, 165 S.W.3d at 805-06; Act of May 30, 2003, 78th Leg., R.S., ch. 250, § 3, 2003 Tex. Gen. Laws 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24 (Vernon Supp. 2009)) (emphasis added).

In light of these amendments, due diligence is "an affirmative defense applicable only to the grounds of revocation alleging failure to report or failure to remain in a specified location." *Wheat*, 165 S.W.3d at 806; *see Nurridin*, 154 S.W.3d at 924.

In this case, the State alleged thirty-three violations, four were for failure to report. The trial court found eleven violations to be true, but did not make findings on the allegations of failure to report. Horton contends that the due diligence defense applies to *all* the State's allegations because the Court of Criminal Appeals has affirmed the due diligence doctrine established by *Peacock*. *See Ballard v. State*, 126 S.W.3d 919, 920-21 (Tex. Crim. App. 2004) ("In the absence of explicit statutory direction…the extension of jurisdiction beyond the community supervision period and the due

diligence defense were both favored by the policy of preventing community supervision violators from intentionally eluding the authorities."). *Ballard*, however, was decided on the basis of prior law. Section 21(e) overruled the due diligence doctrine established in *Peacock*.

Under the current state of the law, the affirmative defense of due diligence was not applicable to all of the State's allegations, but only those alleging Horton's failure to report or remain. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24; *see also Nurridin*, 154 S.W.3d at 924; *Wheat*, 165 S.W.3d at 805-06. We overrule point two.

**TESTIMONY**

In point three, Horton contends that the trial court abused its discretion by admitting testimony from community supervision officer John Schatte about Horton testing positive for marihuana. However, we need not address this issue. Of the eleven violations that the trial court found to be true, only four found that Horton consumed marihuana. Because other violations support revocation, we overrule point three. *See Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) (Proof of "any *one* of the alleged violations of the conditions of *community supervision* is sufficient to support a revocation order."); *see also Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (Smith was not harmed by the erroneous admission of evidence that was unrelated to other violations that the trial court found to be true).

**WRITTEN JUDGMENT**

In point four, Horton argues that the trial court's written judgment improperly orders court costs and restitution, neither of which was orally pronounced.

At the conclusion of the revocation hearing, the trial court sentenced Horton to two years in state jail and ordered a $500 fine. The written judgment further orders $1,138 in court costs and $140 in "restitution."

The Court of Criminal Appeals has held, "[C]ourt costs are not punitive and, therefore, [do] not have to be included in the oral pronouncement of sentence…as a precondition to their inclusion in the trial court's written judgment." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The trial court was not required to orally pronounce court costs before including such costs in the written judgment. *See id*.

Restitution, however, is punitive. *See Weir*, 278 S.W.3d at 366. Nevertheless, the State contends that the $140 in "restitution" was payable to the Department of Public Safety as reimbursement for lab fees and so constitutes "reparation," which is not punitive. We agree.

Courts have held that the trial court cannot order a defendant to "pay lab fees as restitution upon revoking his probation." *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.); *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—Houston [1st Dist.] 2003, no pet.). *Aguilar* also held that "'reparation' does not encompass lab fees:"

> "[R]estitution or reparation" in section 23 of article 42.12 refers to the restitution governed by article 42.037. Therefore, section 23 of article 42.12 did not empower the trial court to order Aguilar to pay lab fees to the Department of Public Safety upon the revocation of his probation as "restitution or reparation."

*Aguilar*, 279 S.W.3d at 354 n.1. The rationale is that expenses incurred by law enforcement agencies are "not sustained as a result of being the victim of a crime" because the agency is not the "direct recipient of an injury caused by [the] crime." *Id.* at 353; *Uresti*, 98 S.W.3d at 338.

We agree that DPS does not incur lab fees as the result of being the victim of a crime. We disagree, however, with the conclusion that the trial court cannot order the defendant to reimburse DPS for lab fees. In *Brown v. State*, No. 02-08-00063-CR, 2009 Tex. App. LEXIS 5155 (Tex. App.—Fort Worth July 2, 2009, no pet.) (not designated for publication), the Fort Worth Court held that restitution must be orally pronounced, but not reparations. *See Brown*, 2009 Tex. App. LEXIS 5155 at *4-7. The "reparations" were ordered as "administrative financial obligations," including attorney's fees, lab fees, probation fees, psychological fees, and a "Spec Fee for Sex Offenders." *Id*. at *6-7. The Fort Worth Court held that "reparations, or fees, owed by Brown are not punishment and part of his sentence and, therefore, did not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment." *Id*. at *7; *see Revia v. State*, No. 09-07-00068-CR, 2007 Tex. App. LEXIS 6965, at *5-6 (Tex. App.—Beaumont Aug. 29, 2007, no pet.)(not designated for publication).

In this case, the judgment states that the $140 was payable to the "Texas Department of Public Safety…DPS lab…" As a condition of probation, the trial court ordered Horton to:

> Be required to make full restitution in the amount of $140 to be paid
> through the McLennan County Community Supervision and Corrections

> Department in favor of the injured party, at the rate of $10.00 per month…
> The injured party is: Texas Department of Public Safety, Restitution Accounting…DPS Lab…

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19).

Although improperly termed "restitution," the DPS lab fees are not owed to the victim of Horton's crime and constitute neither punishment nor a part of Horton's sentence. For this reason, the lab fees were not required to be orally pronounced as a precondition to being included in the written judgment. *See Brown*, 2009 Tex. App. LEXIS 5155, at \*7; *see also Revia*, 2007 Tex. App. LEXIS 6965, at \*5-6; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) ("If community supervision is revoked…[t]he judge shall enter the amount of restitution or reparation owed by the defendant on the date of revocation in the judgment in the case."); TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b) (Vernon Supp. 2009). Because the trial court was not required to orally pronounce court costs or lab fees, we overrule point four.

Having overruled Horton's four points of error, we affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed May 19, 2010
Do not publish
[CR25]