COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| AMBROS RUBIO, | § | No. 08-14-00310-CR |
| Appellant, | § | Appeal from |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20120D02439) |

**O P I N I O N**

Ambros Rubio appeals the judgment revoking community supervision. Appellant waived his right to a jury trial and entered a negotiated plea of guilty to intoxication assault. In accordance with the plea bargain, the trial court assessed Appellant's punishment at a fine of $2,000 ($1,000 probated) and imprisonment for a term of ten years, probated for ten years. The trial court subsequently granted the State's motion to revoke and sentenced Appellant to imprisonment for eight years. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

The community supervision order required Appellant to report to his community supervision officer, Carlos Gonzalez, as instructed, and each month between the 21st and the 30th of the month. Appellant was also required to pay a supervision fee of $60 per month. Additionally, the trial court ordered Appellant to serve 90 days in the El Paso County Detention

Facility as a condition of community supervision.

The State alleged in its motion to revoke that Appellant failed to report to his supervision officer in January 2013, February 2013, and March 2013, and he failed to pay his supervision fee in the amount of $60 per month in January 2013, February 2013, and March 2013. Additionally, the motion alleged that Appellant violated the condition requiring him to serve 90 days in the El Paso County Detention Facility because he failed to submit to detention.

At the revocation hearing, Community Supervision Officer Carlos Gonzalez testified that he first met with Appellant on December 4, 2012. Gonzalez explained all of the conditions of community supervision to Appellant. Specifically, Gonzalez told Appellant he was required to report to him each month, pay his supervision fees of $60 each month, and serve 90 days in jail as a condition of community supervision. He also informed Appellant that he was required to serve his first day of the 90-day jail commitment on December 7, 2012, at 11:00 p.m., and he would be released at 9:00 a.m. on Sunday, December 9, 2012. Appellant did not appear at the jail on December 7 as instructed. Gonzalez also told Appellant that he would be required to return to Gonzalez's office on January 21, 2013 to report for the month, and at that time, he would give Appellant his next date to report. Appellant did not report on January 21, 2013. Gonzalez attempted to contact Appellant by telephone, mail, and through Appellant's family members, but Appellant did not return Gonzalez's phone calls or otherwise contact him. Appellant did not report at any time in February or March of 2013. Gonzalez testified that he did not see Appellant again until he was arrested on a capias on August 15, 2014. The State also presented evidence that Appellant did not pay his supervision fees as ordered. The trial court

found that the State had proven its allegations that Appellant had not reported and he had not submitted to detention, but it found the failure to pay allegations to be not true.

## REVOCATION

In his sole issue, Appellant contends that the trial court abused its discretion by revoking his community supervision for failing to report and failing to submit to confinement in the El Paso County Detention Facility for ninety days because the trial court failed to consider Appellant's affirmative defense of due diligence.

### *Standard of Review*

We review a trial court's order revoking community supervision for an abuse of discretion in light of the State's burden of proof. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex.Crim.App. 2013); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). In a revocation proceeding, the State must prove a violation of a condition of community supervision by a preponderance of the evidence. *See Hacker*, 389 S.W.3d at 864-65; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). In this context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865, *quoting Rickels*, 202 S.W.3d at 764. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex.Crim.App. 1984). An abuse of discretion is not shown, however, if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35

(Tex.App.--El Paso 1999, no pet.).

*Due Diligence*

Citing Article 42.12, Section 24 of the Texas Code of Criminal Procedure, Appellant argues that the trial court abused its discretion because it failed to consider the affirmative defense of due diligence as it applies to the allegations that he failed to report and failed to submit to detention at the El Paso County Detention Facility. Article 42.12, Section 24 provides that:

> For the purposes of a hearing under Section 5(b) or 21(b-2), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX.CODE CRIM.PROC.ANN. art 42.12 § 24 (West Supp. 2016).

Prior to 2003, a trial court's jurisdiction over a motion to revoke community supervision did not survive the expiration of the community supervision period unless (1) a motion to revoke was filed before the community supervision period expired, (2) an arrest warrant, capias, or summons was issued before the community supervision period expired, and (3) the State exercised due diligence in holding a revocation hearing. *Wheat v. State*, 165 S.W.3d 802, 805 (Tex.App.--Texarkana 2005, pet. dism'd untimely filed), *citing Peacock v. State*, 77 S.W.3d 285, 287-88 (Tex.Crim.App. 2002). The State's failure to execute a capias with due diligence was regarded as a plea in bar or defense. *Wheat*, 165 S.W.3d at 805, *citing Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999). Once the defendant raised the issue, the State had the

- 4 -

burden to prove its exercised due diligence. *Rodriguez v. State*, 804 S.W.2d 516, 517-18 (Tex.Crim.App. 1991); *Wheat*, 165 S.W.3d at 805.

In 2003, the Legislature amended Texas Code of Criminal Procedure Article 42.12 by adding Sections 21(e) and 24. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2-3, 2003 TEX.GEN.LAWS 1158, 1158 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 21(e), 24 (West Supp. 2016). Section 21(e) expressly extends the trial court's jurisdiction over revocation proceedings beyond the expiration of a defendant's community supervision so long as, before that time, the State has filed a motion to revoke, continue, or modify community supervision and a capias has issued. *Garcia v. State*, 387 S.W.3d 20, 23 (Tex.Crim.App. 2012). The 2003 amendments to Article 42.12 eliminated the common-law due-diligence defense and replaced it with the limited affirmative defense provided in Article 42.12, Section 24. *Garcia*, 387 S.W.3d at 23; *Wheat*, 165 S.W.3d at 805.

Under the former law, the affirmative defense of due diligence applied only where the defendant was not arrested within the community supervision period. *See Ballard v. State*, 126 S.W.3d 919, 921 (Tex.Crim.App. 2004)(discussing Article 42.12, § 21(b)). Similarly, the due diligence requirement in Section 24 applies to the State's duty to timely serve the capias. *Garcia*, 387 S.W.3d at 26; *Roper v. State*, No. 06-15-00077-CR, 2016 WL 398401, *4 (Tex.App.--Texarkana February 1, 2016, no pet.)(not designated for publication); *Cuevas v. State*, No. 13-13-00554-CR, 2015 WL 4141109 (Tex.App.--Corpus Christi July 9, 2015, no pet.)(not designated for publication). The statute does not place a duty on the State "to track [Appellant] down and make sure that he reports to his community supervision officer as

ordered." *Roper*, 2016 WL 398401 at *4.

The record reflects that Appellant was placed on community supervision on November 29, 2012 and arrested on a capias on August 15, 2014. The trial court conducted the revocation hearing on October 2, 2014, and it revoked Appellant's community supervision that same day. Because Appellant was arrested within the ten-year period of community supervision, the due diligence affirmative defense is not available to Appellant. Further, even if the affirmative defense was available to Appellant, it is limited to allegations regarding failure to report and failure to remain within a specified place. It does not apply to Appellant's failure to submit to detention at the El Paso County Detention Facility to begin serving his 90-day commitment as a condition of community supervision. We overrule the sole issue presented and affirm the judgment revoking community supervision.

September 28, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)