

# NUMBER 13-22-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LIOVARDO AGUILERA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 156TH DISTRICT
## OF LIVE OAK COUNTY, TEXAS

# OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Opinion by Justice Tijerina**

Appellant Liovardo Aguilera pleaded guilty to the offense of assault, family violence, a third-degree felony.[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court placed him on deferred adjudication community supervision for a period of seven

---

[1] Aguilera was also charged with aggravated assault with a deadly weapon but pleaded guilty to family violence pursuant to a plea agreement. *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

years. Upon the State's motion, the trial court revoked Aguilera's community supervision, adjudicated him guilty of the offense, and sentenced him to a term of six years' confinement. By his sole issue, Aguilera argues the trial court erred when it revoked his community supervision because he established the affirmative defense of due diligence. We affirm.

## I.    BACKGROUND

On April 4, 2022, the State filed its motion to adjudicate guilt alleging Aguilera violated the terms of his community supervision by committing the new offense of assault, failing to report to his supervision officer each month, and failing to pay financial arrearages.

At the hearing, Aguilera pleaded not true to the allegations. Community Supervision Officer Dario Perez with the Live Oak County Adult Probation testified that Aguilera did not report to the community supervision department. On cross-examination, Perez stated that he did not personally conduct a field visit to Aguilera's home address because Aguilera was on community supervision in Medina County, so Medina County was the county that sent Aguilera corresponding letters. According to Perez's notes, Medina County did not conduct a field visit, "but they did try to call [Aguilera,] and he did not answer."

After Medina County "closed interest on his case" due to Aguilera "not reporting," Perez stated that Aguilera's supervision was returned to Live Oak County on November 24, 2021. Perez stated that although Aguilera called him, he failed to report in person in December and did not report thereafter. Perez clarified that Aguilera was not incarcerated

at this time. The trial court found the allegation that Aguilera failed to report to the community supervision department to be true, and it found the remaining allegations not true. Aguilera appealed.

## II.    DUE DILIGENCE

By his sole issue, Aguilera argues that the trial court erred in revoking his community supervision without the State attempting to contact him "in person" at his last known address or place of employment in violation of Article 42A.109. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.109. The State asserts: "The Court of Criminal Appeals has determined the Legislature intended this affirmative defense to apply in those instances in which the State has timely alleged violations[] but has not arrested the defendant before the community supervision period expired." *Garcia v. State*, 387 S.W.3d 20, 25 (Tex. Crim. App. 2012). Aguilera insists that "*Garcia* is wrong for many reasons." *See id.*

### A.    Standard of Review & Applicable Law

In a proceeding to revoke community supervision, the State must prove, by a preponderance of the evidence, the defendant violated a term or condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The State meets its burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke. *Id.* at 764. Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Id.* at 763.

Article 42A.109 states:

> [I]t is an affirmative defense to revocation for an alleged violation [of community supervision] based on a failure to report to a supervision officer

3

as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42A.109.

In *Garcia*, the Texas Court of Criminal Appeals concluded that "the Legislature intended . . . the due-diligence statute to reallocate the burden of proof in those instances in which the State has timely alleged violations but has not arrested the defendant before the community-supervision period has expired." 387 S.W.3d at 25. Furthermore, in *Martell*, the Court stated: "That statute creates an affirmative defense to revocation based on an alleged failure to report if the State fails to attempt in-person contact with a probationer *before* seeking revocation." *Martell v. State*, 663 S.W.3d 667, 668 (Tex. Crim. App. 2022) (applying the due diligence defense when appellant was arrested after the period of community supervision expired). In *Ballard*, the Court stated, "[T]the due diligence requirement does not apply if the defendant is arrested within the community supervision period." *Ballard v. State*, 126 S.W.3d 919, 921 (Tex. Crim. App. 2004).

## B.  Discussion

Relying on *Garcia*, this Court decided this very issue in *Cuevas v. State*, and we are persuaded by our previous holding and analysis. No. 13-13-00554-CR, 2015 WL 4141109, at *1 (Tex. App—Corpus Christi–Edinburg July 9, 2015, no pet.) (mem. op., not designated for publication). In *Cuevas*, appellant argued the trial court abused its discretion in revoking his community supervision because he raised the affirmative

4

defense of due diligence. *Id.* at *2. We stated that his argument "suggests that during a probationer's term of community supervision, the State is required to report to the probationer," and "[s]uch a reading effectively shifts the burden of reporting to the State, even in situations where the probationer is still within the term of community supervision." *Id.* at *4. "Contrary to appellant's claims, a due diligence defense pertains to the State's duty in apprehending a defendant *when the State has not arrested the defendant prior to the expiration of the community supervision period.*" *Id.* Thus, we concluded the due diligence defense did not apply, and several of our sister courts have concluded similarly. *Id.*; *see also Battle v. State*, No. 04-16-00709-CR, 2017 WL 3044578, at *3 (Tex. App.—San Antonio July 19, 2017, no pet.) (mem. op., not designated for publication) (concluding that the affirmative defense "does not place a duty on the State to track down the probationer and make sure that he reports to his community supervision officer as ordered"); *Enriquez v. State*, No. 08-15-00324-CR, 2018 WL 2328225, at *2 n.1 (Tex. App.—El Paso May 23, 2018, no pet.) (mem. op., not designated for publication) ("The due diligence defense applies in situations where a defendant is arrested for a community supervision violation after the community supervision period has expired; the defense is unavailable if the arrest for the violation is made within the community supervision period."); *Rubio v. State*, No. 08-14-00310-CR, 2016 WL 5404775, at *3 (Tex. App.—El Paso, Sept. 28, 2016, no pet.) (mem. op., not designated for publication) ("Because Appellant was arrested within the ten-year period of community supervision, the due diligence affirmative defense is not available to Appellant.").

Here, Perez testified that Aguilera did not report as required, and it is undisputed that Aguilera was arrested prior to the expiration of his period of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.109; *Garcia*, 387 S.W.3d at 25. Like *Cuevas*, we conclude the due diligence defense does not apply here because the State timely alleged Aguilera violated terms of his community and arrested him prior to the expiration of his period of community supervision. *See Garcia*, 387 S.W.3d at 25; *Cuevas*, 2015 WL 4141109, at *4. Therefore, the trial court did not abuse its discretion in finding that Aguilera violated this term of community supervision. *See Rickels*, 202 S.W.3d at 763. We overrule Aguilera's sole issue.

### III.   CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of March, 2024.

6