

### NUMBER 13-12-00552-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAIME CLARK A/K/A**  **Appellant,**
**JAMIE CLARK,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

---

### On appeal from the 347th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes Memorandum Opinion by Justice Garza

Appellant, Jaime Clark a/k/a Jamie Clark,[1] appeals from the trial court's revocation of his deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2011). By two issues, appellant contends that:

---

[1] Documents throughout the record refer variously to "Jaime Clark" and "Jamie Clark."

(1) there was insufficient evidence to support one of the State's allegations in its motion to revoke; and (2) his sentence was unconstitutionally disproportionate. We affirm.

## I. BACKGROUND

In 2005, pursuant to a plea bargain, Clark pleaded guilty to five counts of sexual assault of a minor, each a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011 (a)–(c), (f) (West 2011). Clark was placed on deferred adjudication community supervision for ten years. On June 1, 2012, the State filed an amended motion to revoke deferred adjudication community supervision, alleging numerous violations, including that Clark committed another sexual assault of a minor.

On June 28, 2012, the court held a hearing on the motion to revoke and Clark pleaded "not true" to the allegations that he committed sexual assault and failed to report a change of address, but pleaded "true" to the remaining allegations.

Following the revocation hearing, the trial court found all of the allegations in the motion to revoke to be true and adjudicated appellant guilty of all five counts of sexual assault of a minor as set forth in the original indictment.[2] *Id.* The court revoked Clark's deferred adjudication community supervision, adjudicated him guilty, and sentenced him to serve twenty years for each count, with the sentences for the first two counts to run consecutively and the remaining three counts to run concurrently.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's order revoking community supervision by determining whether the trial court abused its discretion in determining whether the appellant violated the terms of his community supervision. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)

---

[2] We note that appellant's sexual assault convictions involve offenses that occurred in 2004 and a different victim than the victim involved in the allegations in the State's motion to revoke.

(en banc); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence. *Jones v. State,* 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of probation as the State alleged. *In re B.C.C.,* 187 S.W.3d 721, 724 (Tex. App.—Tyler 2006, no pet.) (citing *Cobb,* 851 S.W.2d at 873).

Further, proof of a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *See Gipson v. State*, 383 S.W.3d 152, 155 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *See Jackson v. State,* 645 S.W.2d 303, 304 (Tex. Crim. App. 1983).

### III. EVIDENCE TO SUPPORT REVOCATION

By his first issue, Clark challenges the sufficiency of the evidence to support the trial court's finding that he committed sexual assault. Specifically, Clark argues that because the alleged child victim recanted her testimony, there was insufficient evidence to support the State's allegation and the State's reliance on the recanted testimony violated his due process rights.

Clark does not, however, challenge the remaining allegations—that he possessed and used dangerous drugs, failed to pay for urinalysis testing, failed to report to his probation officer, and failed to pay his court costs, fine, monthly sex offender fees

3

and monthly supervision fees, among others. Clark's pleas of "true" to these unchallenged alleged violations alone are sufficient to support the trial court's revocation of his community supervision. *See Herrera,* 951 S.W.2d at 199. Regardless of the relative severity of the violations to which appellant pleaded "not true" compared to those to which he pleaded "true," the appellant is required to successfully challenge all of the trial court's findings that support the revocation order. *Id.* We therefore conclude that the trial court did not abuse its discretion in granting the State's motion to revoke Clark's community supervision. Accordingly, we overrule Clark's first issue.

## IV. DISPROPORTIONATE PUNISHMENT

By his second issue, Clark asserts that "the punishment assessed by the judge during the sentencing phase of the trial was disproportionate to the seriousness of the alleged offense, all in violation of the eighth and fourteenth amendments of the U.S. Constitution." The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment is applicable to punishments imposed by state courts through the due process clause of the fourteenth amendment. *See* U.S. CONST. amend. XIV. The State responds that appellant failed to preserve any issue for review because he did not object to his sentence in the trial court. We agree.

Appellant made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for our review, Clark was required to show that he made a timely objection to the trial court, stated the specific grounds for the objection, and obtained a ruling. TEX. R. APP. P. 33.1(a); *see Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). By failing to

4

specifically object during trial or in a post-trial motion, appellant has waived any error for our review. *See* TEX. R. APP. P. 33.1(a); *see Jacoby*, 227 S.W.3d at 130; *see also Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

## V. CONCLUSION

Having overruled both of Clark's issues on appeal, we affirm the trial court's order revoking his community supervision.


DORI CONTRERAS GARZA,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.

5